IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CHANDLER AUGUSTA, | : | |
|     Petitioner | : | No. 1:16-cr-00082 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

**MEMORANDUM**

Before the Court is Petitioner William Chandler Augusta ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1142.) Because Petitioner's § 2255 motion is time-barred, the Court is compelled to dismiss it.

**I.   BACKGROUND**

On October 31, 2017, the Court sentenced Petitioner to seven hundred twenty (720) months' imprisonment upon his plea of guilty to violations of 18 U.S.C. §§ 2251(a), (d)–(e), 2251A(a), and 2252(a)(2). (Doc. No. 741.)[1] On November 13, 2017, Petitioner timely appealed his conviction to the United States Court of Appeals for the Third Circuit ("Third Circuit"). See (Doc. No. 753). On November 14, 2018, the Third Circuit affirmed his sentence. (Doc. No. 910.)

On March 24, 2025, Petitioner filed a motion seeking an order vacating, setting aside, or correcting his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). (Doc. No. 1142.)

---

[1] At sentencing, the Court dismissed the original indictment (Doc. No. 1) and Petitioner pleaded guilty to the following counts in the superseding indictment (Doc. No. 143): production of child pornography in violation of 18 U.S.C. § 2251(a) (Counts 1, 3, 5–9); conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(e) (Counts 3, 10); selling of children in violation of 18 U.S.C. § 2251A(a) (Count 4); conspiracy to receive/distribute child pornography in violation of 18 U.S.C. § 2252(a)(2) (Counts 11–12); and conspiracy to publish a notice or advertisement seeking child pornography in violation of 18 U.S.C. § 2251(d) (Count 13) (Doc. No. 741 at 1–2).

Thereafter, Petitioner filed a motion for appointment of counsel. (Doc. No. 1147.) Upon initial review of the motion, the Court concluded that it appeared to be untimely and that Petitioner had not established that he was prevented from filing a timely § 2255 motion nor had he exercised sufficient diligence to warrant application of equitable tolling. (Doc. No. 1148.) Accordingly, on May 7, 2025, the Court issued an Order directing Petitioner to show cause, within thirty (30) days of the date of that Order, as to why the Court should not dismiss the § 2255 motion as untimely. (Id.) In its Order, the Court stated that Petitioner "may submit any documentation he may have to demonstrate that his motion was filed within the applicable limitations period; that the statute of limitations does not apply to his motion; or that the limitations period was tolled in a manner that renders this motion timely." (Id. at 6.) Further, the Court denied Petitioner's motion for appointment of counsel without prejudice to his right to seek such relief if the Court determined that his § 2255 motion was timely. (Id.) Petitioner did not respond to the Order.

## II. LEGAL STANDARD

Section 2255(a) provides that a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, § 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, § 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a § 2255 motion. See 28 U.S.C. § 2244. The one-year limitations period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2255(f). Generally, the one-year limitations period begins to run on "the date on which the judgment of conviction becomes final." See id. § 2255(f)(1). However, when an appeal has been filed,

> "judgment of conviction becomes final" within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires.

See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

### III. DISCUSSION

In Petitioner's case, as discussed supra, the Court imposed judgment on November 3, 2017. (Doc. No. 741.) On November 13, 2017, Petitioner timely appealed his conviction to the Third Circuit. See (Doc. No. 753); see also Fed. R. App. P. 4(b)(1)(A)(i) (stating that a defendant must file a notice of appeal within fourteen (14) days). On November 14, 2018, the Third Circuit affirmed his sentence (Doc. No. 910) and issued its mandate on January 7, 2019 (Doc. No. 919). Petitioner did not file a petition for writ of certiorari to the Supreme Court of the

3

United States within ninety (90) days of the Third Circuit's judgment. See Sup. Ct. R. 13(1) (stating that a petition for writ of certiorari is timely when it is filed "within 90 days after the entry of judgment"). This time period expired on February 12, 2019, and thus Petitioner's judgment of conviction became final on February 12, 2019. See Kapral, 166 F.3d at 577 (stating that a judgment of conviction becomes final on the date on which the defendant's time for filing a timely petition for writ of certiorari review expires if the defendant does not file a petition to the Supreme Court). Petitioner therefore had one year from February 12, 2019, or until February 12, 2020, to file a timely § 2255 motion. See 28 U.S.C. § 2255(f)(1). Petitioner did not file his § 2255 motion until March of this year—2025. (Doc. No. 1142.) Accordingly, unless Petitioner is entitled to belated commencement of the limitations period under § 2255(f)(2)–(4), or equitable tolling, his motion is time-barred.[2] See generally Holland v. Florida, 560 U.S. 631 (2010) (holding that the statute of limitations is subject to equitable tolling); Ross v. Varano, 712 F.3d 784 (3d Cir. 2013) (stating that a litigant seeking equitable tolling must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

---

[2] The Court notes that, generally, "upon receipt of a pro se pleading challenging an inmate's conviction or incarceration—whether styled as a § 2255 motion or not—district courts should issue a form notice to the petitioner regarding the effect of such a pleading in light of [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]." See United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999). This notice should advise the petitioner "that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petition[] absent certification by the court of appeals; or (3) withdraw his motion and file one all-inclusive § 2255 petition within the one-year statutory period prescribed by AEDPA in § 2255." See id. In the instant matter, however, providing the notice required by Miller would be "an exercise in futility" because not only does Petitioner's initial § 2255 motion appear to be untimely filed, but, additionally, any § 2255 motion "filed following Miller notice would be time-barred as well." See United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002).

In its previous Order, the Court noted that Petitioner appears to recognize the untimeliness of his § 2255 motion but argues that the decision in Pulsifier v. United States, 601 U.S. 124 (2024), creates a new right, making his § 2255 motion timely pursuant to 28 U.S.C. § 2255(f)(3). See (Doc. No. 1148 at 3) (citing Doc. No. 1142 at 15–19).[3] The Court acknowledged that Pulsifier considered the interpretation of the "safety-valve" provision of federal sentencing law relating to specific drug-related crimes. See (id.) (citing Pulsifier, 601 U.S. at 127–28). The Court stated that it could not "determine what new right Pulsifier created relating to Petitioner" because Pulsifier "does not create a new right" and even if it had, Petitioner "is not eligible for safety-valve relief because he was not convicted of a drug-related crime." (Id. at 4–5.) On that basis, the Court directed Petitioner to show cause as to why the Court should not dismiss his § 2255 motion as untimely. (Id.)

Therefore, because Petitioner has not filed a response to the Court's Order to show cause, there is no basis in the record upon which the Court could conclude that Petitioner is entitled to belated commencement of the limitations period pursuant to § 2255(f)(2)–(4). Further, because Petitioner's § 2255 motion presents no argument as to equitable tolling, the Court cannot conclude that Petitioner has established that he was prevented from filing a timely § 2255 motion

---

[3] Petitioner asserts that Pulsifier creates a new right by claiming that Pulsifier:

> boiled down to the definition of the word 'AND[,]' [] more specifically how the word is used in courts of the United States in regard to the [c]onstruction of legal wording in statutes and law. Federal statute law requires that the [C]ourt hear the accused 'AND' his counsel. In light of [Pulsifier] being decided[,] the [Petitioner]'s [c]onstitutional rights were violated when [c]ounsel failed to allow [Petitioner] to address issues at the time of the plea hearing or sentencing and further when counsel failed to address the issues Petitioner wanted brought before the court . . . .

(Doc. No. 1148 at 15.)

5

or that he exercised sufficient diligence to warrant application of equitable tolling. Accordingly, the Court will dismiss Petitioner's § 2255 motion as untimely.[4]

## IV.   EVIDENTIARY HEARING

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision whether to hold a hearing is wholly within the discretion of the district court. See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

---

[4] Petitioner also filed a motion for leave to proceed in forma pauperis ("IFP") (Doc. No. 1143) and a "Motion to Compel Defense Counsel to Surrender the Case File in the Above[-]Styled Action to the Petition of this Case" (Doc. No. 1146). Thereafter, Petitioner filed a letter on the docket requesting the Court's assistance in obtaining materials from the Federal Public Defender. (Doc. No. 1151.) Because the Court will dismiss Petitioner's § 2255 motion as untimely, the Court will deny Petitioner's motion for leave to proceed in forma pauperis as moot. (Doc. No. 1143.)

As to Petitioner's motion to compel defense counsel to surrender the case file, the Court will deny the motion because Petitioner does not "address how this [C]ourt has authority to compel [defense counsel], a private attorney, to produce client files to him pursuant to an ethical rule." See United States v. Galletta, No. 14-cv-00603, 2023 WL 4565477, at *134 n.141 (E.D. Pa. July 17, 2023). In Galletta, the district court stated that:

> while this court recognizes [former attorney]'s ethical obligation under Rule 1.16(d) [of the Pennsylvania Rules of Professional Conduct] to turn over papers to which [the petitioner] is entitled, [former counsel] is not a party to these proceedings, and there are cases in which courts have concluded that they lack the authority to compel an attorney to turn over a client's file.

See id.

V.    **CERTIFICATE OF APPEALABILITY**

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued.  A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, the Court concludes that jurists of reason would not find the disposition of this case debatable, and the Court will not issue a COA.

VI.    **CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 motion (Doc. No. 1142) as untimely.  The Court will not conduct an evidentiary hearing and will not issue a COA.  An appropriate Order follows.

        s/ Yvette Kane
        Yvette Kane, District Judge
        United States District Court
        Middle District of Pennsylvania